Dear Chief Vidrine:
Your opinion request directed to our office has been referred to me for response. As Chief of Police of Sunset, Louisiana, you ask the following questions in your letter:
 (1) Can a municipal police officer under the Lawrason Act qualify as a candidate for Chief of Police?
 (2) Would that person be able to retain his position as police officer while running for Chief of Police, or would he have to resign?
LSA-R.S. 42:61, et seq., discusses the topic of dual officeholding. The statutes do not mention pre-election activities. They provide certain prohibitions for dual officeholding after one has been elected and/or appointed to an office. My research revealed no statutes dealing with pre-election activities and the requirement for a leave of absence. Therefore, it is our opinion that a police officer would not be required to take a leave of absence to prepare for the election for such position of chief of police. Assuming that the candidate for chief of police meets the qualifications for office, he may in fact qualify as a candidate for chief of police. Please see Attorney General Opinions Nos. 92-256 and 86-405 (attached hereto).
It should be noted that the candidate for chief of police, as an active police officer, should take care to prevent any campaign activities from interfering with the fulfillment of his job or office responsibilities. Article XI, § 4 of the 1974 Louisiana Constitution provides:
 No public funds shall be used to urge an elector to vote for or against any candidate or proposition, or to be appropriated to a candidate or political organization.
The above cited provision is identical to that contained in LSA-R.S. 18:1465. The police officer must fulfill the duties and responsibilities of his job during working hours. It is our opinion that a police officer may be a candidate for chief of police and need not necessarily resign or take a leave of absence in order to campaign for the office. The decision to take a leave of absence depends on whether the candidate's political activities would impair or prevent him from properly performing his duties.
I trust this fully answers your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb
Date Received:
Date Released:
CHARLES H. BRAUD, JR.Assistant Attorney General
State of Louisiana DEPARTMENT OF JUSTICE BATON ROUGE P.O. Box 94005 RICHARD P. IEYOUB 70804-9005 TEL: (504) 342-7013 ATTORNEY GENERAL FAX: (504) 342-7335
 JULY 28, 1992 OPINION NUMBER 92-256
36 — Elections 77 — Officers — Local Municipal; Selection, Qualification Tenure; Vancancies Mr. Louis J. Berthelot La. Const. Art. X, Sec. 23
Chief of Police LSA R.S. 33:362A(3) Brusly Police Department P.O. Drawer A A police officer in a non-civil service 150 East St. Francis position may run for chief of police: without Brusly, LA 70719 taking a leave of absence as long as his duties are fulfilled and he campaigns on off-duty hours: only the Board of Alderman may fire a police officer: the Chief of Police's salary may be reduced for an upcoming term but not while the official is in office.